IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN DULANEY, JR.,

        **Plaintiff,**

v.                                                                                    **CASE NO. 19-3058-SAC**

ANGELA WEEKS, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Allen Dulaney, Jr., a prisoner at the Ellsworth Correctional Facility in Ellsworth, Kansas ("ECF"), brings this *pro se* civil rights action under 42 U.S.C § 1983. He proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Mr. Dulaney's complaint (ECF No. 1) takes issue with a GPS tracking device placed on his vehicle pursuant to warrant. Plaintiff names as defendants Angela Weeks, Lieutenant, Geary County Sheriff's Department; Dustin Murphy, Lieutenant, Junction City Police Department; Micah Haden, Detective, Grandview Plaza Police Department; Alvin Babcock, Lieutenant, Junction City Police Department; and Krista Blaisdell, Geary County District Attorney. All defendants are members of the Geary County Drug Operations Group.

Plaintiff alleges the GPS tracking device was left on his vehicle and monitored beyond the period authorized by the Geary County District Court. He asserts the order allowed the device to

1

be installed for a time period not to exceed 30 days after successful installation, and the return filed by Defendant Weeks states the device was installed on February 22, 2017 and used until March 24, 2017. However, Plaintiff discovered the device on his vehicle on April 8, 2017 while at a residence in Geary County. He removed the device. Then, on April 11, 2017, the Drug Operation Group obtained a second warrant to search the location where Plaintiff removed the device.

Plaintiff further alleges the prosecutor, Defendant Blaisdel, refused to disclose any information about the tracking device, advising the state district judge in Geary County Case No. 2017-CR-751 that the GPS tracking device was for an "unrelated issue." ECF No. 1, at 4. However, according to Plaintiff, the "charges before the judge arose from that same investigation." ECF No. 1, at 3. Plaintiff was ultimately convicted in that case and is serving an approximately eight (8) year sentence.

Plaintiff claims Defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. He seeks full disclosure of all information regarding the investigation involving the GPS device, compensatory damages of $50,000 from each defendant, and a public apology.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition,

the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Plaintiff's claims appear to be premature under *Heck v. Humphrey*.

Under the *Heck* doctrine, when a state prisoner seeks damages in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained by the Tenth Circuit:

> In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).

*Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002).

The purpose behind *Heck* is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011), *quoting Butler v. Compton,* 482 F.3d 1277, 1279

4

(10th Cir. 2007). Plaintiff cannot litigate any claim in this civil rights complaint for damages that would undermine or invalidate his criminal convictions. Habeas corpus is the exclusive remedy for such challenges. *Preiser v. Rodriguez*, 411 U.S. 475, 476-77, 500 (1973).

Claims that are subject to the *Heck* bar have not yet accrued and therefore are premature. Such claims are dismissed without prejudice. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice.").

Plaintiff seeks to establish that the actions of the defendants in allowing the GPS tracking device to remain on his vehicle beyond the authorized time period and in failing to disclose information about the device or obtained through the device to Plaintiff's criminal defense counsel and the state court judge, violated his constitutional rights. Despite the few details Plaintiff provided to the Court, it seems that Plaintiff believes evidence obtained from the GPS tracking device after March 24, 2017, contributed to his subsequent convictions. If that is the case, a judgment here that Defendants' actions violated the Constitution could imply that Plaintiff's convictions are invalid. *See Trusdale v. Bell,* 85 F. App'x 691, 693 (10th Cir. 2003)(holding that prisoner's § 1983 claim alleging an unlawful search was barred by *Heck* because evidence obtained pursuant to the search led to his convictions).

Because Plaintiff has not shown that his convictions have already been invalidated, whether reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise invalidated, this claim appears to be barred by *Heck*. *See Heck*, 512 U.S. at 487. Unless Plaintiff can show either (1) that his convictions did not result from evidence obtained pursuant to the GPS tracking device after March 24, 2017, or (2)

that his convictions have already been invalidated, this complaint is subject to dismissal as premature under *Heck*.

**B. Some defendants are subject to dismissal.**

Three of the five defendants named by Plaintiff are subject to dismissal. The only allegation Plaintiff makes about Angela Weeks is that she signed the affidavit in support of the warrant authorizing the installation and monitoring of the GPS device. Plaintiff does not allege the affidavit was false or that there was a lack of probable cause supporting the warrant. Rather, he complains of the retrieval of the device beyond the 30-day time limit. He does not allege Defendant Weeks was personally involved in the retrieval. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Because Plaintiff does not allege the direct personal participation of Defendant Weeks in the acts on which his complaint is based, she is subject to dismissal.

Plaintiff also names Krista Blaisdel as a defendant. Defendant Blaisdel is identified as the prosecutor in Plaintiff's state criminal trial. As a prosecutor, Defendant Blaisdel is absolutely immune from civil liability for damages for any acts undertaken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1189 (10th Cir. 2008). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13 (1976).

Plaintiff claims Defendant Blaisdel was "less than honest" in the course of the prosecution and failed to disclose "any information [about the tracking device] when requested by defense

counsel . . . stating it was an unrelated issue" and also told the judge the tracking device was "not relevant" to the charges currently before the court. ECF No. 1 at 4, 5. In *Imbler*, the plaintiff, after being successful in his habeas corpus action, filed a § 1983 suit against the prosecutor, a fingerprint expert, and various police officers, alleging there was a conspiracy among them to unlawfully charge and convict him. *Imbler*, 424 U.S. at 415-16. Specifically, the plaintiff claimed the prosecutor allowed a witness to give false testimony, suppressed evidence positive to the plaintiff, and used altered evidence. *Id.* at 416. The Supreme Court found that the prosecutor was entitled to absolute immunity from civil liability, holding "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 430. Similarly, even if Defendant Blaisdel was "less than honest," she is still subject to dismissal from this § 1983 action.

Finally, Defendant Babcock is also subject to dismissal. The only allegation Plaintiff makes about Babcock is that he was in a supervisory position with the joint drug operations group. ECF No. 1 at 3, 4. However, to be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

**C. Plaintiff fails to state a claim for malicious prosecution.**

In Count III, Plaintiff attempts to raise a malicious prosecution claim. One of the required elements of a § 1983 malicious prosecution claim is that the related original criminal action terminated in the plaintiff's favor. *Wilkins v. DeReyes*, 528 F.3d 790, 799, 803 (10th Cir. 2008), *cert. denied*, 555 U.S. 1212 (2009). "[T]o qualify as favorable, the termination of the original

7

criminal proceeding must in some way indicate the innocence of the accused." *Margheim v. Buljko*, 855 F.3d 1077, 1086 (10th Cir. 2017) (internal quotation marks and citation omitted). Plaintiff has not made such showing, and it does not appear from the limited record before the Court that he can do so.

**IV. Response Required**

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as premature under *Heck v. Humphrey*. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **October 17, 2019**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED: This 17th day of September, 2019, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**