IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN DULANEY, JR.,

                **Plaintiff,**

     v.                                                                   CASE NO. 19-3058-SAC

ANGELA WEEKS, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order dated September 17, 2019, the Court directed Plaintiff to show cause why his complaint should not be dismissed. (*See* Memorandum and Order to Show Cause, ECF No. 6). The Court found that Plaintiff's claims were barred by the *Heck* doctrine, that three defendants were subject to dismissal, and that Plaintiff had failed to state a claim for malicious prosecution. Before the Court is Plaintiff's response (ECF No. 7) to the show cause order.

In his response, Plaintiff argues none of the defendants should be dismissed because they were all responsible as part of the Geary County Drug Operations Group for the alleged constitutional violations arising from the placement of a tracking device on Plaintiff's vehicle. Mr. Dulaney does not address the *Heck* bar.

In the show cause order, the Court explained the *Heck* doctrine and concluded by directing Plaintiff that unless he could show either (1) that his convictions did not result from evidence obtained pursuant to the GPS tracking device after March 24, 2017, or (2) that his convictions had

1

already been invalidated, the complaint was subject to dismissal as premature under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff made no such showing.

Because Plaintiff's claims are premature under the principles of *Heck v. Humphrey*, his complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed without prejudice as premature under the *Heck* doctrine.

**IT IS SO ORDERED.**

**DATED:  This 26th day of June, 2020, at Topeka, Kansas.**

s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**